UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FRANCIS BRAND,                       :
                                     :
        Petitioner,            :        Civ. No. 15-3206 (RBK)
                                     :
   v.                                :        **OPINION**
                                     :
STATE OF NEW JERSEY, et al.,         :
                                     :
        Respondents.           :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner, Francis Brand, is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1991, petitioner was found guilty by a jury of murder and conspiracy to commit murder. He was sentenced to a term of thirty years imprisonment without parole. For the following reasons, the habeas petition will be summarily dismissed as second or successive.

## II.    BACKGROUND

Petitioner initially challenged his 1991 judgment of conviction in a 2006 § 2254 habeas petition. (*See* Civ. No. 06-2898.) On June 11, 2008, this Court denied that habeas petition on the merits. (*See id.* Dkt. Nos. 14 & 15.) Petitioner did not appeal that decision.

In May, 2015, Petitioner filed the instant habeas petition. He again challenges the judgment of conviction arising from his 1991 convictions. The petition raises one ground, namely that the trial court denied petitioner a right to a fair trial by allowing testimony from an incompetent witness.

### III.     SCREENING AND JURISDICTION

Rule 4 of the Rules Governing § 2254 Cases requires a court to dismiss a habeas petition without ordering a responsive pleading "[i]f it appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a district court's jurisdiction over a second or successive § 2254 petition. Specifically, § 2244(b)(3)(A) of Title 28 provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

The United States Supreme Court has stated that the statutory phrase "second or successive" habeas corpus petition under section 2254 is a term of art that is not self-defining. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010); *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). A habeas petition is not second or successive simply because it follows a prior petition. *See Panetti*, 551 U.S. at 944 ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) ("[A] prisoner's application is not second

or successive because it follows an earlier federal petition."). For example, if a federal habeas petition is dismissed without prejudice for failure to exhaust state court remedies, a later post-exhaustion petitioner is not considered to be a "second or successive" petition for purposes of § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). Furthermore, the Third Circuit has stated that "a subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." *Benchoff*, 404 F.3d at 817.

## IV.   DISCUSSION

A. Analysis

As detailed above, petitioner's first § 2254 habeas petition was denied on the merits. Petitioner states in his current petition that he only became aware of the issue of a witnesses incompetency recently after he was advised by a third party. However, the fact that petitioner was only informed of this issue by a third party recently does not show that the claim itself on the witnesses' competency had not arisen or could not have arisen at the time of the prior petition. Indeed, an issue of a state witness' competency was clearly known at the time petitioner filed his prior habeas petition. The Court notes that petitioner's first § 2254 habeas petition raised an ineffective effective assistance of counsel claim for failing to seek a psychiatric evaluation or competency hearing to disqualify a state witness. Thus, petitioner was aware of the purported underlying facts giving rise to the witness' purported competency or lack thereof at the time he filed his first habeas petition.[1] For these reasons, the instant habeas petition is

---

[1] Petitioner does not indicate in the instant habeas petition the name of the witness whose competency he is challenging. However, the Court presumes for purposes of this Opinion that it is in reference to the witness at issue in the prior habeas petition. Nevertheless, even if petitioner is seeking to challenge a new witness' competency in the instant petition, it does not change the result as petitioner fails to show why this claim had not arisen at the time he filed his original habeas petition or why he could not have raised it at that time.

considered a second or successive § 2254 habeas petition. Thus, this Court's lacks jurisdiction over the habeas petition as petitioner does not indicate that he has been given authority by the Third Circuit to file this second or successive habeas petition. *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

  B. Transfer

Where a second or successive habeas petition is filed in the district court without an order from the appropriate court of appeal, the district court may dismiss the petition for a lack of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.") It is not in the interest of justice to transfer this action to the Third Circuit. Petitioner does not contend that his claim in his habeas petition relies on a new rule of constitutional law or that the factual predicate of this claim could not have been discovered at the time he filed his first habeas petition. *See* 28 U.S.C. § 2244(b)(2). Therefore, a transfer to the Third Circuit is not warranted under these circumstances.

  C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed as second or successive. A certificate of appealability shall not issue. An appropriate order will be entered.


DATED: May 14, 2014

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge